IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KATHY CARVER**,

        Plaintiff                              Civil No. 08-6099-MO

       v.                                   **OPINION AND ORDER**

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

        Defendant.

**MOSMAN, J.,**

       Plaintiff Kathy Carver moves for the approval of attorney's fees of $19,438.61, pursuant to 42 U.S.C. §406(b). (Mot. for Att'y Fees (# 23).) This figure represents 25 percent of Ms. Carver's retroactive benefits, less the EAJA fee of $4,880.52 already received, further reduced by $5,917 for the services of Brent Wells in the administrative proceeding.

       Agreements that provide fees that exceed 25 percent of past-due benefits are unenforceable under 42 U.S.C. §406(b)(1)(A). Within this boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In testing the fee agreement for reasonableness, I am required to consider the character of the representation, the results achieved, delay caused by the attorney, and the amount of time spent on the case. *Id.* at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.*

Considering these factors, I find this fee unreasonable. Ms. Carver's counsel, Kathryn Tassinari, spent 26.7 hours representing Ms. Carver. Summing the requested attorney's fees with the EAJA fee already received, Ms. Tassinari's total payment would be $24,319.13, which is an hourly rate of $910.82. Ms. Tassinari argues that the average hourly non-contingent billing rate in Portland is $244.00.[1] Oregon State Bar, 2007 Economic Survey, http://www.osbar.org/_docs/resources/07EconSurvey.pdf (last visited Oct. 1, 2010). She adds to that a 13.3% increase for the extra profitability of contingency work. See Oregon State Bar, 1998 Economic Survey, http://www.osbar.org/surveys_research/98econsurvey/1998economicsurvey.html (last visited Oct. 1, 2010). She then uses a multiplier to take into consideration that 66.48% of social security cases do not recover anything. *See Crawford v. Astrue*, 586 F.3d 1142, 1145 (9th Cir. 2009) (citing very similar numbers mentioned in plaintiff's brief). Using these numbers, Ms. Tassinari calculates an hourly wage of $824.07. She does not explain the basis for the additional 10.5% premium needed to reach the fee she has requested. *See id.* at 1145–46 (criticizing three district courts for assigning an arbitrary enhancement to a fee calculation).

While no lodestar calculation is required, *id.* at 1148, Ms. Tassinari bears the burden of

---

[1] I have disregarded that Ms. Tassinari is practicing from Eugene, where the average rate is $184, and that this practice area has lower than average billing rates. I have also given her the benefit of looking at the average, rather than the median, which is lower, but might better reflect what an individual attorney chosen at random might bill.

showing that her claim is reasonable. *Gisbrecht*, 535 U.S. at 807. Even after accounting generously for increased risks and variability, she fails to justify the 10.5% premium. Therefore, I grant Ms. Tassinari the amount she has shown to be reasonable: $824.07 per hour multiplied by the 26.7 hours spent on this case, less the EAJA fee of $4,880.52 already received, for a total of $17,122.15.

IT IS SO ORDERED.

    Dated this __4th__ day of October, 2010.

                                                 /s/ Michael W. Mosman
                                                 Michael W. Mosman
                                                 United States District Judge